IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Greene, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 0:17-846-BHH |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security ) | **ORDER** |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff John Greene's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a response to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## BACKGROUND

Plaintiff filed for DIB and SSI in October of 2013, alleging disability beginning on June 1, 2013, due to problems with his collar bone, his hip, and his back, and high blood

pressure. Plaintiff's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). Greene appeared and testified at a hearing on January 6, 2016, where he was represented by counsel. A vocational expert ("VE") also testified, and after considering the testimony, the ALJ issued a decision on February 5, 2016, finding that Plaintiff was not disabled from June 1, 2013, through the date of the decision. The Appeals Council denied Plaintiff's request for review on March 1, 2017, making the decision of the ALJ the final decision of the Commissioner, and this action followed.

Plaintiff was born in 1969 and was 43 years old on his alleged disability onset date. He obtained his general equivalency diploma and has past relevant work experience as a production associate in the automotive field, a cook at a restaurant, and a concrete worker.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the

Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I.     The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2013, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: hypertension; history of pancreatitis; degenerative disease of the right hip, status post history of right hip open reduction internal fixation surgery; degenerative disc disease of the lumbar spine; sciatica; obesity; and shoulder arthritis. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). With regard to residual

4

functional capacity ("RFC"), the ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except Plaintiff is limited to: lifting/carrying 10 pounds occasionally and 5 pounds frequently; standing and walking 2 hours in an 8-hour workday and sitting 6 hours in an 8-hour workday; never crouching, crawling, balancing, or climbing ladders, ropes, or scaffolds; occasionally climbing ramps or stairs, stooping, and kneeling; occasionally reaching overhead bilaterally; and avoiding concentrated exposure to vibration and workplace hazards such as unprotected heights and moving machinery. The ALJ found that Plaintiff was unable to perform his past relevant work, but that, considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could perform. Therefore, the ALJ found that Plaintiff was not disabled from the alleged onset date of June 1, 2013, through the date of the decision.

## II. The Court's Review[1]

In this action, Plaintiff raises the following issues for judicial review:

(1) Failure to address Greene's request for a consultative examination. Greene's counsel requested a consultative examination which the ALJ failed to address. When the ALJ fails to address a claimant's request, can his decision be based on substantial evidence?

(2) Where new evidence is submitted to the Appeals Council that is sufficiently material that it might have affected the Commissioner's final decision, the *Meyer* case requires that evidence be weighed. Where there is new and material evidence submitted at the Appeals Council, and where that evidence might have affected the findings of the fact-finder, must the case be remanded so that Commissioner can weigh that evidence?

---

[1] As the Magistrate Judge noted, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed his application for benefits, unless otherwise specified.

(ECF No. 14 at 2.)

In her Report, the Magistrate Judge evaluated each of Plaintiff's claims and found them to be without merit.

### A. Consultative Examination

With respect to Plaintiff's claim that the ALJ erred by failing to order a consultative examination, the Magistrate Judge noted that the decision whether to order a consultative examination is within the discretion of the ALJ. *See Singleton v. Barnhart*, 399 F. Supp. 2d 686, 690 (D.S.C. 2005); *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003). The Magistrate Judge also explained that the Commissioner may order a consultative examination "to secure needed medical evidence, such as clinical findings, laboratory tests, a diagnosis, or prognosis," in situations where:

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources; or
>
> (4) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

20 C.F.R. §§ 404.1519a(b) and 416.919a(b).

The Magistrate Judge ultimately determined that the ALJ did not err in by failing to order a consultative examination, noting that the ALJ summarized Plaintiff's lengthy treatment history; considered Plaintiff's testimony; and weighed the opinion of Plaintiff's treating physicians as well as opinion evidence from state agency records reviewers. The

Magistrate Judge noted that the record contains treatment notes from the Steadman Hawkins Clinic, including records from an examination on April 27, 2015, by Dr. Richard Morgan, who indicated it was reasonable for Plaintiff to meet with Dr. James Cameron regarding treatment options. Dr. Cameron's notes from an evaluation on May 7, 2015, indicate that Plaintiff "has reason to have significant pain discomfort that he is experiencing," but Dr. Cameron ultimately determined that Plaintiff was not a candidate for hip surgery at the time because of Plaintiff's heavy smoking. (Tr. at 541.)

The Magistrate Judge then considered Plaintiff's argument that because the records from Steadman Hawkins Clinic did not include an opinion regarding Plaintiff's functional limitations, it was necessary for the ALJ to secure an additional consultative examination. Ultimately, the Magistrate Judge rejected Plaintiff's argument and determined that Plaintiff failed to demonstrate that the ALJ abused his discretion in failing to order a consultative examination. The Magistrate Judge noted that "Greene's argument would have the law require an ALJ to order a consultative examination any time the existing record weighed against a finding of disability." (ECF No. 19 at 8.)

In his objections, Plaintiff contends that it was not his intention to argue that the law requires an ALJ to order a consultative examination every time the record weighs against a finding of disability. (ECF No. 20 at 2.) Rather, Plaintiff asserts that it was error for the ALJ to fail to order a consultative examination in this case because Dr. Morgan recognized that Plaintiff was "severely limited by pain and function" but gave no indication as to what those limitations are. Thus, according to Plaintiff, this is a case where "additional evidence needed is not contained in the records of your medical sources." (*Id.* (citing 20 C.F.R. §§ 404.1519a(b)(1).)

After consideration, the Court is not convinced by Plaintiff's objection. Rather, the Court agrees with the Magistrate Judge that Plaintiff has not shown that the ALJ abused his discretion by failing to order a consultative examination. Although Plaintiff is correct that Dr. Morgan did not set forth specific limitations for Plaintiff, the Court does not believe that this alone required the ALJ to order a consultative examination, because the record evidence already contained opinions regarding Plaintiff's limitations. Indeed, the Court finds that substantial evidence supports the ALJ's finding that the record was adequately developed without need for a consultative examination. As the Magistrate Judge noted, the ALJ considered Plaintiff's testimony and medical records from Plaintiff's treating physician as well as records from state agency records reviewers. Under the circumstances, therefore, the Court finds that the ALJ did not abuse his discretion in failing to order a consultative examination, and the Court overrules Plaintiff's objection.

### B. New Evidence Submitted to the Appeals Council

As a second claim, Plaintiff contends that this case should be remanded pursuant to *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), because Plaintiff submitted new and material evidence to the Appeals Council, and the Appeals Council did not evaluate that evidence. As the Magistrate Judge pointed out in her Report, however, this evidence, which consists of opinion evidence from a treating pain management specialist, was not received by the Appeals Council until after the Council had issued its decision, but before Plaintiff received the decision in the mail.

The Magistrate Judge first determined that a remand under sentence four of § 405(g) is not warranted under the circumstances because the evidence is not part of the record for purposes of this judicial review. *See* 42 U.S.C. § 405(g). In other words, the

Magistrate Judge determined that the new evidence was not part of the record because it was not submitted to the Appeals Council with Plaintiff's request for review, and was instead submitted the day after the Appeals Council issued its decision, and almost a year after the Appeals Council granted Plaintiff's request for thirty additional days to submit new evidence.

Likewise, the Magistrate Judge determined that a remand under sentence six of § 405(g) is not warranted because Plaintiff presented no good cause for failing to timely submit the evidence to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) ("Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.") (citations omitted); *see also Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (holding that a sentence six remand may be appropriate where (1) the new evidence is relevant to the determination of disability at the time the application was first filed and is not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been presented; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant makes at least a general showing of the nature of the new evidence).

Plaintiff objects to the Magistrate Judge's finding that he failed to present good cause for failing to timely submit the evidence in order to warrant a sentence-six remand. In support of his argument, Plaintiff cites *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987), an Eleventh Circuit case where the court explained that "the good cause

9

requirement reflects a congressional determination to prevent the bad faith manipulation of the administrative process." Because Plaintiff contends that he did not act in bad faith in submitting the evidence, he asserts that he has shown good cause and that a remand is warranted under sentence six.

After review, the Court does not agree with Plaintiff. As an initial matter, *Milano* is not binding on this Court, but even so, the Court notes that the facts in *Milano* are readily distinguishable than the facts here. In *Milano*, the claimant mailed new evidence "one day after the extended time period" and "[a]mple time remained for the Appeals Council to consider and act upon the evidence." 809 F.2d at 767. In contrast, here Plaintiff submitted new evidence almost *one year* after the Appeals Council granted Plaintiff's request for an additional *thirty days* to submit new evidence. Moreover, the Appeals Council did not have "ample time" to consider the new evidence because it was not received until the day *after* the Appeals Council issued its decision in this case. Thus, under the circumstances, the Court agrees with the Magistrate Judge that a remand under sentence six is not warranted, and the Court overrules Plaintiff's objection.[2]

## **CONCLUSION**

Based on the foregoing, the Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law when she determined that Plaintiff failed to show that the Commissioner's decision was not supported by substantial evidence. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF

---

[2] The Court also notes that it agrees with the Magistrate Judge that a remand under sentence four is not warranted either, because this evidence is not part of the administrative record on review, although Plaintiff does not specifically object to that portion of the Magistrate Judge's Report.

No. 19) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 20) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

September 19, 2018
Charleston, South Carolina